**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| OMAR JOSE VARGAS-HERNANDEZ,<br><br>                    Petitioner,<br><br>          v.<br><br>FERETI SEMAIA, ET AL.,<br><br>                    Respondents. | Case No. 5:26-cv-03574-MBK<br><br>ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |

Petitioner Omar Jose Vargas-Hernandez, a native and citizen of Venezuela, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Vargas-Hernandez entered the United States in 2020 with a non-immigrant B-1/B-2 visa. Thereafter, Petitioner applied for and received Temporary Protected Status ("TPS"). He remained on TPS until the program was terminated for Venezuelans in 2025. During his time in the United States, Petitioner kept immigration authorities informed of his information and whereabouts.

On May 27, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. Petitioner was transported to

Adelanto Detention Facility, where he remains today. Mr. Vargas-Hernandez filed the instant habeas petition on June 29, 2026. He argues that his sudden re-detention and continued confinement violate procedural and substantive due process. Among other relief, Petitioner requests the Court order his immediate release and prohibit his re-detention absent notice and a hearing. On July 6, 2026, Respondents filed an Answer in which they state that Petitioner has not established his arrest and detention are unlawful, but do not meaningfully address Petitioner's due process claims.

For the reasons that follow, the Court concludes that Petitioner is entitled to release because his re-detention violates due process.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Omar Jose Vargas-Hernandez is a 47-year-old native and citizen of Venezuela. Dkt. 1 at 4. Petitioner entered the United States in 2020 with a valid B-1/B-2 visa at the port of entry, Los Angeles International Airport. *Id.* at 2. In 2021, Petitioner sought and obtained TPS. *Id.* at 4. In 2022, his wife and children joined him in the United States, fleeing political persecution in Venezuela. *Id.*

During his time in the United States, Petitioner has built significant community ties and worked to establish a stable life for his family. *Id.* He has obtained work authorization. Dkt. 1-1 at 7 (Copy of Employment Authorization Card). Petitioner and his wife are members of the church, El Buen Pastor in Panorama City, California. Dkt. 1 at 4. He is also a singer in the group, Sonora de Los Angeles, with whom he performs birthdays, weddings, and community events. *Id.* Petitioner also has no criminal convictions or arrests during his time in the United States that would subject him to mandatory detention. *Id.*

2

On May 27, 2026, Petitioner was released from Ventura County Jail following his conviction for grand theft and was apprehended by ICE officers. Dkt. 1-1 at 3. Prior to arresting Petitioner Vargas-Hernandez, immigration officers did not provide him notice that he may be detained, an explanation for his detention, or an opportunity to argue that he should not be detained. *Id.* While detained, Petitioner has experienced medical complications due to his hypertension, spina bifida, and an enlarged prostate. *Id.* He has been unable to receive sufficient medical care while detained at Adelanto. *Id.*

Petitioner filed the instant habeas petition on June 29, 2026. Dkt. 1. Petitioner argues his sudden re-detention without notice or a hearing violates the substantive and procedural due process. *Id.* at 27-28. Among other relief, Petitioner requests that the Court issue an order requiring his immediate release and to enjoin Respondents from re-detaining Petitioner absent notice and an opportunity to be heard. *Id.* at 29.

Respondents filed an Answer on July 6, 2026. Dkt. 5. Respondents argue that Petitioner has not established that he is unlawfully detained and that he is entitled, at most, to a bond hearing under Section 1226(a). Dkt. 5. Petitioner filed his reply on July 28, 2026. Dkt. 10.

## II.   DISCUSSION

Petitioner Vargas-Hernandez advances two arguments in the Petition. First, Petitioner claims that his re-detention without notice or a pre-deprivation hearing violates due process under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Dkt. 1 at 6-12, 27-28. Second, Petitioner claims that his ongoing detention violates substantive due process because it is not reasonably related to a legitimate government purpose. *Id.* at 12-13, 38. He argues that he is entitled to release because any post-deprivation process

3

cannot cure his illegal re-detention. *Id*. at 22-24.

Respondents do not engage with Petitioner's due process arguments in their Answer. The sole reference to Petitioner's due process claims is Respondents' assertion that: "Petitioner has submitted no reliable evidence supporting his claim that his detention violated due process." Dkt. 5 at 2. Respondents do not acknowledge the evidence that Petitioner submitted in support of his claims, (Dkt. 1-1), or address the extensive caselaw and argument that Petitioner presented in support of his claims, (Dkt. 1 at 6-13).

Respondents' failure to meaningfully contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."; *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-

4

MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents' non-opposition and the reasons stated in those decisions, the Court finds that Petitioner's re-detention violated due process.

Respondents argue that "to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. 5 at 2. "To the extent that respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument." *Luis Alfredo Barajas-Bautista v. Warden, Desert View Annex, et al.*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *1 (C.D. Cal. July 13, 2026); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *1 (C.D. Cal. July 27, 2026) (granting release where "Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner sought in the alternative and registered their opposition to any other form of relief."). Where the "government does not offer any argument on the merits" of the claims in the

petition, "it has waived any challenge to the arguments [ ] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "The court is 'not a roving commission' charged with making respondents' case for them." *Barajas-Bautista*, 2026 WL 2058433, at *1 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). As such, "respondents have not met their burden 'to show cause why the writ should not be granted.'" *Id.* (quoting 28 U.S.C. § 2243).

Moreover, as Petitioner observes, (Dkt. 1 at 22-24), most courts to address the issue have "concluded that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases). These decisions reason that a post-deprivation hearing "cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *Khalsa v. Janecka, et al.*, No. 5:26-cv-00623-CAS-AGR, 2026 WL 486670, at *7 (C.D. Cal. Feb. 19, 2026) (quoting *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025)). *See also Mendoza v. Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("allowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless"); *Hector Jose Martinez Lopez v. Dep't of Homeland Sec. et al.*, No. 25-cv-03607-KK-ADS, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (cleaned up).

6

The Court agrees that a post-deprivation bond hearing is not a sufficient remedy for the due process violation at issue. A person who has suffered a constitutional violation should ordinarily be returned "to the status quo, or 'the last uncontested status which preceded the pending controversy.'" *V.K. v. Noem*, No. 5:26-CV-00241-MWC-SK, 2026 WL 246023, at \*5 (C.D. Cal. Jan. 25, 2026) (quoting *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at \*7 (E.D. Cal. July 16, 2025)); *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at \*7 (C.D. Cal. Apr. 13, 2026) ("prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the detention that Petitioner contends was in violation of his constitutional and statutory protections"). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). The Ninth Circuit has recognized that "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). This principle has particular force where, as here, the constitutional protections are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

In sum, Petitioner has shown that his re-detention violated due process and that a bond hearing would not adequately remedy the violation of his constitutional rights.

///

///

7

### III.    CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's re-detention violated due process. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Omar Jose Vargas-Hernandez's (A# 231-434-515) immediate release subject to reasonable conditions of supervision and prohibiting his re-detention absent pre-deprivation notice and a hearing where the Government must show his re-detention is warranted; and (3) that Respondents file a status report within three (3) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

Dated: July 30, 2026

_____

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE